# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

November 7, 2017
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**CHRISTOPHER L. OSBORNE,**
**Claimant Below, Petitioner**

**vs.)    No. 17-0368** (BOR Appeal No. 2049897)
                              (Claim No. 2014003072)

**MECHEL BLUESTONE, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Under West Virginia Code § 23-4-1(a), workers' compensation benefits shall be paid to employees that have received personal injuries in the course of and resulting from their covered employment. The evidence introduced in litigation showed that Mr. Osborne had significant pre-existing degenerative disc disease. The evidence also showed that Mr. Osborne did not feel injured after the accident and when he reported to the hospital, he stated that the accident did not cause any of his pain. Because the evidence of record supports a finding that the symptoms were caused by the degenerative disc disease and not a work injury, it was proper for the Office of Judges and Board of Review to deny the claim.

Petitioner Christopher L. Osborne, by J. Robert Weaver, his attorney, argues that it is undisputed that an accident occurred on the day in question and while Mr. Osborne might not have immediately felt the injury, pain started within one day. Mechel Blustone, Inc., by Timothy E. Huffman, its attorney, argued that it was Mr. Osborne's degenerative disc disease that was causing his symptoms. The argument was bolstered by the fact that no one involved in the accident reported being injured after the accident and the opinion of Prasadarao Mukkamala, M.D., who opined that any injury that would have arisen out of the accident would not have continued to worsen over time.

After review, we believe the facts and legal arguments are adequately presented, the decisional process would not be significantly aided by oral argument, and there is no substantial question of law and or prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Osborne, a drill operator for Mechel Bluestone, Inc., was involved in a collision with another drill on July 19, 2013. After the accident, both drill operators represented that they were

uninjured. Mr. Osborne did not seek medical treatment until July 25, 2013, when he was seen at Bluefield Regional Medical Center. Mr. Osborne was prescribed medication, given an x-ray, and discharged. The x-ray revealed an L5-S1 degenerative disc change with no acute bony abnormalities. Mr. Osborne completed his report of injury which was signed by S. Patel, M.D., who opined that he suffered an occupationally related back injury. The following day, Mechel Bluestone, Inc., filed a report of occupational injury challenging that any injury occurred.

Mr. Osborne returned to Bluefield Regional Medical Center with complaints of acute pain multiple times in August of 2013. His differential diagnoses were osteoporosis, ruptured disc, spinal injury, and vertebral fracture. He was advised to follow-up with Abed Koja, M.D. In September of 2013, Mr. Osborne underwent an MRI of the lumbar spine which revealed mild degenerative disc disease at two levels and facet arthropathy with effacement of nerves and nerve roots. After reviewing the MRI, Dr. Koja diagnosed Mr. Osborne with lumbar spondylosis with radiculopathy and recommended physical therapy. Dr. Koja added the diagnosis of displacement of lumbar intervertebral disc without myelopathy and administered an epidural injection.

Mr. Osborne was deposed and testified that he operated a drill that was adjacent to another drill. During his shift, the other drill struck his drill. He testified that he was not wearing a seatbelt, and the impact threw him over the left arm rest. He further indicated that his head or body did not strike anything inside the cab. Immediately after the collision, Mr. Osborne admitted that he did not experience any pain or problems. He was interviewed by his supervisors and was offered ambulance transportation, which he refused. Mr. Osborne finished his shift that day. During the remainder of his shift, Mr. Osborne denied experiencing any problems or pain and did not seek immediate medical attention. Mr. Osborne reported to work on July 20, 2013, and told his foreman that his back was hurting. Mr. Osborne testified that when he woke up on July 20, 2013, he noticed back pain. Mr. Osborne worked the entire shift on July 20, 2013, and five days thereafter when he testified that he was unable to further deal with the pain. Mr. Osborne testified that the pain intensified with each day until he sought medical treatment. He stated that Dr. Koja started him on physical therapy two to three times a week and administered injections. Mr. Osborne represented that the injections only intensified his pain.

Dr. Mukkamala issued a report indicating that he had reviewed Mr. Osborne's medical records and concluded that he suffered from degenerative spondyloarthropathy. Dr. Mukkamala indicated that there was no reliable medical evidence indicating that Mr. Osborne had sustained a work-related injury on July 19, 2013. Dr. Mukkamala noted that Mr. Osborne's testimony that he had no symptoms on the day of the injury was significant. Mr. Osborne represented that as time passed, his pain got worse. Dr. Mukkamala concluded that this information was inconsistent with the type of injury. He opined that a sprain/strain type of injury does not progressively worsen. Dr. Mukkamala concluded that the displacements of intervertebral disc identified in diagnostic testing were degenerative in nature.

On September 24, 2014, the Office of Judges concluded that Mr. Osborne was not injured in the course and as a result of his employment. The Office of Judges noted that there was no question an industrial accident occurred on July 19, 2013; however, it concluded that Mr. Osborne's symptoms were due to underlying degenerative disc disease as opposed to an acute

injury. The Office of Judges found that the medical evidence does not identify a broken bone or soft tissue injury in the diagnostic testing, leaving only the possibility of a sprain/strain type injury. The Office of Judges concluded that a sprain/strain type of injury was unlikely based on the etiology of the alleged injury and that it was not diagnosed by either Drs. Koja or Mukkamala. The Office of Judges found that the record contained ample evidence of pre-existing degenerative disease and opined that it was more than likely the cause of his symptoms. The Board of Review adopted the findings of the Office of Judges and affirmed its Order. Because the evidence of record supports the decision, we agree.

We find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: November 7, 2017**


**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Elizabeth D. Walker

**DISSENTING:**
Justice Menis E. Ketchum